Appeal from an order and judgment (one paper) of the Supreme Court, Monroe County (Matthew A. Rosenbaum, J.), entered August 12, 2013. The order and judgment, insofar as appealed from, granted plaintiffs motion for summary judgment and denied that part of defendant’s cross motion seeking leave to serve an amended answer to include his proposed third affirmative defense.
It is hereby ordered that the order and judgment insofar as appealed from, is reversed on the law without costs, plaintiffs motion is denied, and that part of defendant’s cross motion *1359 seeking leave to serve an amended answer to include his proposed third affirmative defense is granted.
Memorandum: On appeal from an order and judgment awarding plaintiff money damages for defendant’s breach of contract and attorneys’ fees, defendant contends that Supreme Court erred in granting plaintiffs motion for summary judgment and in denying his cross motion seeking leave to amend his answer to plaintiffs second amended complaint by asserting a certain affirmative defense therein. We agree, and we therefore reverse the order and judgment insofar as appealed from, deny plaintiffs motion, and grant that part of defendant’s cross motion seeking leave to assert his proposed third affirmative defense.
In or about October 1999, defendant became a general partner and a 50% owner of Estate Vehicle Sales (EVS), a motor vehicle dealership. On January 21, 2000, EVS entered into an agreement with United Pacific Insurance Company, a surety company and subsidiary of Reliance Group Holdings, Inc. (collectively, United/Reliance), for a $10,000 motor vehicle dealer bond. Although the bond was issued and to be honored by United/Reliance, the bond paperwork was delivered to EVS by third-party defendant Paris-Kirwan Associates, Inc. (ParisKirwan), an agency that dealt with EVS. As part of the application for the bond, and as part of the consideration given for the bond, defendant entered into an agreement in which he agreed to indemnify United/Reliance for, inter alia, “losses, costs, damages and expenses, including attorney’s and counsel fees” that United/Reliance “may sustain or incur by reason of the issuance of [the] [b]ond[ ].”
In May 2000, plaintiff purchased substantially all of United/ Reliance’s surety business, including the rights and obligations of United/Reliance pursuant to the bond and the indemnity agreement. A Paris-Kirwan employee subsequently transmitted to plaintiff a change request seeking to increase the bond value from $10,000 to $25,000; in response, on October 15, 2001, plaintiff issued a rider increasing the bond value.
Multiple judgments were rendered against EVS between August 2005 and July 2007, and the New York State Department of Motor Vehicles (DMV) made claims on the bond based upon each of the judgments. Plaintiff issued multiple payments to the DMV totaling $25,000 in full satisfaction of its obligations under the bond before seeking indemnity from defendant with respect to those payments.
After defendant refused its request for indemnification, plaintiff commenced this action seeking, inter alia, an award of *1360 damages and attorneys’ fees relative to defendant’s alleged breach of the indemnity agreement, and it subsequently served two amended complaints. Plaintiff moved for summary judgment on the second amended complaint, and defendant cross-moved for an order granting leave to amend his answer to the second amended complaint to assert, inter alia, a proposed third affirmative defense premised on the fact that his “individual liability under the indemnity agreement was terminated before the acts or omissions underlying the DMV claims occurred.”
Turning first to plaintiffs motion for summary judgment, even assuming, arguendo, that plaintiff met its initial burden, we conclude that defendant raised an issue of fact in opposition thereto (see generally Zuckerman v City of New York, 49 NY2d 557, 562 [1980]). Defendant submitted evidence that in July 2001, i.e., before the judgments were rendered against EVS, he advised third-party defendant Angelo Lovullo, a Paris-Kirwan employee, that defendant was no longer involved in the business of running a motor vehicle dealership and instructed Lovullo to cancel the bond. Defendant also tendered evidence raising an issue of fact whether Paris-Kirwan was an agent of plaintiff at the time of that purported directive (see generally Travelers Ins. Co. v Raulli & Sons, Inc., 21 AD3d 1299, 1300-1301 [2005]; Bennion v Allstate Ins. Co., 284 AD2d 924, 925 [2001]). Specifically, defendant submitted evidence that the chief executive officer of Paris-Kirwan signed the bond, that the asset transfer agreement between United/Reliance and plaintiff lists Paris-Kirwan as an agent of plaintiff, and that Lovullo believed that Paris-Kirwan was a “licensed . . . agent[ ]” of plaintiff that had authority to bind plaintiff “[i]n some situations.” We also note that in their joint answer to the third-party complaint, Paris-Kirwan and Lovullo did not deny the allegation advanced in the third-party complaint that Lovullo was a partner of Paris-Kirwan at all times relevant to this matter.
Turning next to defendant’s cross motion for leave to amend his answer to the second amended complaint, we conclude that the court erred in denying that part of defendant’s cross motion for an order granting leave to amend his answer to assert the proposed third affirmative defense. “ ‘Generally, [l]eave to amend a pleading should be freely granted in the absence of prejudice to the nonmoving party where the amendment is not patently lacking in merit’ ” (McGrath v Town of Irondequoit, 120 AD3d 968, 969 [2014]; see CPLR 3025 [b]). Here, we conclude that the proposed third affirmative defense is not *1361 patently lacking in merit, and plaintiff has not made any showing of prejudice to foreclose defendant from asserting it (see McGrath, 120 AD3d at 969; cf. Edenwald Contr. Co. v City of New York, 60 NY2d 957, 959 [1983]).
All concur except DeJoseph, J., who dissents and votes to affirm in the following memorandum.